## REYNOLDS, Adm'r, vs. KIRKLAND.

[ACTION ON PROMISSORY NOTE.]

1. *Decedent, sale of personal property to pay debts; necessity for, a jurisdictional fact, what allegation sufficient.*—The necessity for a sale of the personal property of a decedent, to pay his debts, is a jurisdictional fact; and an application by an administrator for an order to sell certain described personal property, left by his intestate, which alleges, that in his opinion, a sale of the property is necessary to pay the debts of the intestate, is sufficient to confer jurisdiction upon the probate court.

APPEAL from the Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

The facts are stated in the opinion.

MARTIN & SAYRE, and CLENDENNIN, for appellant.
F. M. WOOD, and W. C. OATES, *contra.*

B. F. SAFFOLD, J.—This suit was on a promissory note given by the appellees for a mare sold by the appellant as administrator, under an order of the probate court. The defense was that the sale was void, because the application for the sale of the property was not sufficient to give the court the requisite jurisdiction. The defense was sus-

Reynolds, Adm'r, v. Kirkland.

tained by the circuit court in a charge to the jury to find for the defendant, to which the plaintiff excepted.

The petition of the administrator, for the sale, recites, that the intestate left a considerable stock of horses, mules,, &c., and, "in his opinion and belief, it will be necessary to sell all of said property for the payment of the debts and liabilities of said deceased." This application was made in 1866, and must be governed by the law existing at that time. Section 1743 of the old Code provides for the sale of any part of the personal property of the decedent for the payment of debts, on the order of court, on the application of the executor or administrator, unless power is conferred by the will to sell such property for that purpose. The requisition of notice of the application, by publication or posting in certain cases, in section 1744, excludes the necessity of it in others. Under the common law, the administrator had the authority to sell the personal property of the intestate by virtue of his office. The statute law has wisely taken away from him this right, and thrown the responsibility on the probate court. Nor can it exercise the power of its own motion. There must be an application by the administrator, under oath, stating the particular necessity for the sale. When this is made, the court has jurisdiction to determine the necessity and to order the sale. In this case, the application was sworn to. It specified that the intestate was possessed of certain described personal property, of a perishable character and expensive to keep, and that, in the opinion of the administrator, it was necessary to sell it for the payment of the debts of the decedent. This was sufficient. The existence of the necessity was to be determined by the order of the court, and the order of sale declares that it was made to appear. This necessity was the jurisdictional fact. If a court of limited jurisdiction is charged with the ascertainment of jurisdictional facts, and its proceedings show that these facts were ascertained, they can not be denied; because making the jurisdiction of the court depend upon a preliminary fact, implies authority to ascertain that fact.— *Wyatt's Adm'r v. Rambo*, 29 Ala. 510.

The judgment is reversed, and the cause remanded.